510 P.2d 75

**Jane DOE, and all others similarly situated, Plaintiff and Respondent,**

v.

**PLANNED PARENTHOOD ASSOCIATION OF UTAH, a nonprofit corporation, Defendant and Appellant.**

No. 13041.

Supreme Court of Utah.

May 14, 1973.

2. Robinson v. Hreinson, 17 Utah 2d 261, 409 P.2d 121; Young v. Barney, 20 Utah 2d 108, 433 P.2d 846.

Jack L. Crellin, City Atty., John T. Nielson, Asst. City Atty., Salt Lake City, for defendant and appellant.

David S. Dolowitz, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The respondent, a 16-year-old single girl, plaintiff below, claims that she represents a class of single girls under the age of 18 years.[1] What she seeks from the Planned Parenthood Association of Utah is information and equipment which will permit her to engage in sexual intercourse without becoming pregnant. While she states that her desires are lawful and honorable, she nevertheless brings the suit under an assumed name and, like Nicodemus of old, hides herself from view.

The name of the defendant indicates that its service should be available to those couples who desire to control the size of their family. It is not intended to make strumpets or streetwalkers out of minor girls.

The appellant has three contracts whereby it receives money to operate, viz.:

1. With the Salt Lake County Community Action Program.

2. With the Division of Family Services of the Utah State Department of Social Services.

3. With the Office of Economic Opportunity, which contract provides that

---

1. The fact that plaintiff is a minor was not raised below or on this appeal; and since the judgment is not void for failure to appoint a guardian ad litem, we do not consider the error. See 43 C.J.S. Infants § 108b.

there be no discrimination as to age, race, marital status or religion.

The appellant is willing to give services to minor children but only when they have obtained parental consent.

The trial judge ruled that the services must be given to all minor girls over the age of 14 and to all minor boys over the age of 16 and that it is a violation of the constitutional right of privacy to require parental consent. His decision ignores entirely the question of the morals of children and of the duty of parents to teach and instruct them and to watch over them so as to promote morality, health, and happiness.

Utah has a statute[2] which makes it a felony for any person to have sexual relations with a female under the age of 18 years, with or without her consent.

The giving of information or contraceptive paraphernalia to a minor child so as to avoid pregnancy from unlawful sexual relations[3] would certainly tend to make a child of immature judgment more likely to commit the crime of fornication and to become infected with venereal disease, to say nothing of the morals of the situation. Anyone who would teach a child such things would certainly tend to contribute to the delinquency of that child.

There is no question about the right of adults to receive the information and equipment in secret.

Minor children in Utah become adults upon marriage, and girls 14 years of age, or older, and boys 16 years of age, or older, are capable of entering into a valid marriage contract; but in order to secure a marriage license, they must obtain the consent of their parent (or guardian).[4] Unless married, children are minors until age 21 for boys and age 18 for girls. When married, those young people would be given the services of the defendant.

The plaintiff herein can obtain the information and contraceptives she seeks provided an appointment is made and her parents are notified of the time and place thereof. She rejects the offer because she knows her parents would be aghast at the idea and would not give their consent for her to get that which she here seeks.

▮ The trial court held that the requirement of notice to parents was in violation of the provisions of the Ninth and Fourteenth Amendments of the Constitution of the United States of America.

The first ten amendments to the Constitution were adopted as limitations on the newly created Federal entity. Amendment IX reads: "The enumeration in the Con-

2. Section 76–53–19, U.C.A.1953.

3. Section 76–53–5, U.C.A.1953, makes fornication a crime (misdemeanor).

4. Section 30–1–9, U.C.A.1953.

stitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

It is difficult to understand how the ruling of the trial court can be sustained by anything contained in that amendment.

The Fourteenth Amendment[5] likewise gives no authority to sustain the ruling made. The provision therein contained upon which the trial court relied is this: " . . . nor deny to any person within its [the State's] jurisdiction the equal protection of the laws."

The court reasoned that in family planning there was no reason to distinguish between married people and single people.

We cannot agree with his reasoning. We think there is a vast difference between married people as a class who plan the number of children they wish to raise, and single people as a class who may likewise wish to plan the number of children which they do not wish to procreate.

To give information and contraceptives to married people so as to control the size of their families is one thing. To deny it to single minor children is not a denial of the equal protection of the law, as they are not in the same class with married people.

The law has ever been jealous of the rights of minors; and statutes for their benefit and protection (like the right to rescind a contract) have never been thought of as denying the equal protection of the law to adults.

The law which makes sexual relations lawful between spouses and unlawful between others has never been considered to deny the equal protection of the law to single people who may want to satisfy their lusts on each other.

If refusing the requests of this plaintiff here denies to her and her class the equal protection of the law, then the statutes which provide a punishment for fornication and carnal knowledge are such a denial.

There is nothing in any law or any provision of the Constitution which requires the defendant to give its services in secret to any person, married or single.[6] There is nothing in any of the contracts it has with its donors which requires a secret distribution of information or materials. If in fact the contract with the Office of Economic Opportunity did provide for secret dissemination, it could not overrule the basic and fundamental provisions of

---

5. See my opinion in the case of Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968), for the value of the Fourteenth Amendment.

6. The dissent would leave the problem to the legislature, and so would I if the legislature chose to act. However, since it has not given any direction in the matter, I think we should leave it to the defendant and not try to legislate the matter through the courts.

the law and mores of our society. All that would happen would be to permit the Office of Economic Opportunity to withhold its future contributions.

The judgment of the trial court is reversed. No costs are awarded.

CALLISTER, C. J., and CROCKETT, J., concur.

TUCKETT, Justice (dissenting):

I dissent. I have some doubts as to the standing of the plaintiff to maintain this action as a beneficiary of the contracts mentioned in the majority opinion and I would be content to decide the case on that issue alone. It appears that the majority has elected to treat the case as one involving criminal acts. The issues drawn by the pleadings remove from the case present or contemplated criminal activities.

The legislature over the years has dealt with many facets of conduct by children; as examples, their rights to vote, their rights to enter into contracts, their rights to contract marriages, and a number of activities engaged in with children which have been denounced as crimes. The legislature has not dealt with the matter now before the court. I am of the opinion that the problem can best be dealt with by the legislature. I do not believe this court by rule should limit the information the plaintiff or others in her class are entitled to receive with or without the consent of their parents.

HENRIOD, J., concurs in the dissenting opinion of TUCKETT, J.